# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 01-CR-30108-WDS |
| v. ) | |
| ) | |
| MAURICE C. PITTMAN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

This matter is before the Court on limited remand from the United States Court of Appeals for the Seventh Circuit *United States v. Pittman*, 418 F.3d 704 (7th Cir. 2005), pursuant to *United States v. Paladino*, 401 F.3d 471, 484 (7th Cir. 2005), to determine whether this Court would impose defendant's original sentence had the Sentencing Guidelines been merely advisory.

In accordance with *Paladino*, this Court ordered the parties to submit their respective positions on the question whether, in light of the decision of the Supreme Court in *United States v. Booker*, 125 S. Ct. 783 (2005), the defendant's sentence was proper. The court in *Paladino* advised: "Upon reaching its decision (with our without a hearing) whether to resentence, the District Court should either place on the record a decision not to resentence with an appropriate explanation" or advise the Seventh Circuit of the Court's desire to resentence the defendant. *Id.*

The Court has considered the entire record, including: the briefs filed by counsel; the statutory factors of 18 U.S.C. § 3553(a); the advisory sentencing guidelines; and the reasons for the original sentence imposed in this case. Upon review of the record, the Court finds that

hearing is not warranted in this case and advises the Court of Appeals for the Seventh Circuit that it would impose the same sentence in light of *Booker*.

## FACTUAL BACKGROUND AND COURT'S FINDINGS AT SENTENCING

The defendant, Maurice C. Pittman, was convicted of distributing approximately 6.3 grams of crack cocaine, and the jury found that the amount of controlled substances attributable to the defendant was at least 5 grams. *Pittman,* 418 F.3d at 705. The defendant was sentence to a term of imprisonment of 390 months, and a term of supervised release of eight (8) years. The Court found that the defendant was responsible for, and that it was reasonably forseeable to attribute to the defendant, the amount of approximately 250 grams of crack cocaine. The defendant's sentence was based on the fact that he was a career offender, *Pittman*, 418 F.3d at 709, and that his status as a career offender resulted in an offense level of 37, which was higher than his relevant conduct. *Id.*

At the sentencing hearing, the Court found that despite defendant's position to the contrary, Amanda Schoeneweis was a credible witness, and that the defendant had given 6.3 grams of crack cocaine to Schoeneweis to conceal on the date of his arrest. In addition, the court found credible her testimony that she would acquire from the defendant an eight ball to a half an ounce of crack cocaine one to two times per day for some three to five months. This testimony was corroborated by Marcus Kaffy who gave a statement to the sheriff's office in May of 1991 that he had purchased cocaine hydrochloride from the defendant five to six times in 1 to 4 ounce amounts. (Tr. 3/21/2006 pp. 6-7.)

The Court specifically found that the defendant's relevant conduct was approximately 250 grams of crack cocaine, which included the 6.3 grams which were seized at the time of his

arrest.  (*Id.* at 7.)  The Court noted that the defendant's own statement to law enforcement supported this relevant conduct finding. (*Id.*)    The Court specifically found that the defendant was not entitled to a minimal or minor role (*Id.* at 8) and that the defendant had an extensive history of convictions, beginning at age 14.  (*Id.* at 12.)    The Court noted that the sentence imposed considered the effect on society of trafficking in controlled substances and was appropriate to punish the defendant for the crime committed as well as to act as a deterrent to others. (*Id.* at 12.)

The case was remanded for the question of whether the Court, had it known that the Sentencing Guidelines were advisory, rather than mandatory, would have imposed a lesser sentence.  The Court notes that it took into consideration, at the time of sentencing, the defendant's age, as well as his criminal history, giving a range for the offense of 360 months to life, and imposed a sentence that was sufficient to punish the defendant for the crime that he committed as well as to act as a deterrent to others.   The Court found that the defendant's base offense level was a 37, with a criminal history of VI.  The sentence imposed was 390 months on which was, in light of his status as a career offender, "toward the low end of the then mandatory Guideline range."  *Ramsey*, 406 F.3d at 434.

## LIMITED REMAND REVIEW

The Seventh Circuit has held that "[A]ny sentence that is properly calculated under the Guidelines is entitled to a  rebuttable presumption of reasonableness."   *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir.2005) (*quoted in United States v. Spano*, No. 03-1110 slip op at 3 (7th Cir. May 9, 2006)).   The defendant may rebut this presumption "by demonstrating that his sentence is unreasonable when measured against the factors set forth in § 3553(a)." 415

F.3d at 608; *United States v. Brock,* 433 F.3d 931, 938 (7th Cir. 2006); *Spano*, slip op at 3.  The language of 18 U.S.C. § 3553(a) provides several factors which are to be considered when imposing a sentence. The guidance given in the statutory language is that "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of the statute. As set forth in the statute, the sentencing court is to consider: a) The nature and circumstances of the offense and the history and characteristics of the defendant § 3553(a)(1); b) and the sentence should: reflect the seriousness of the offense, § 3553(a)(2)(A); promote the respect for law, § 3553(a)(2)(A); provide just punishment for the offense, § 3553(a)(2)(A); afford adequate deterrence to criminal conduct, § 3553(a)(2)(B); protect the public from further crimes of the defendant,§ 3553(a)(2)(C); and provide the defendant with the needed educational or vocational training, medical care or other correctional treatment in the most effective manor, § 3553(a)(2)(D).

The Seventh Circuit has made it clear that post *Booker* sentencing determinations should be made on a preponderance of the evidence standard. "The remedial portion of *Booker* held that decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the sixth amendment so long as the guidelines system has some flexibility in application." *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.2005).

In his brief, the defendant asserts that there are two factors particular to him which warrant reconsideration of his sentence.  The first factor he presents is the "hope" factor, i.e. that with an extraordinarily long sentence, rehabilitation is less likely to be effective. The other is recidivism, i.e. that older defendants are less likely to commit crimes after they are released from

prison. The defendant points out the fact that he was 35 years old when he committed the crime in this case.   He encourages the Court to impose a lesser sentence based on his age, the length of his sentence and the fact that he has a lower likelihood of recidivism.

At sentencing, this Court gave consideration to the then mandatory Sentencing Guidelines, the defendant's criminal history, the evidence adduced at trial, including evidence of the amounts of crack cocaine involved in this conspiracy.  The Court has considered the sentencing factors set out in 18 U.S.C. § 3553(a), and has reviewed the mitigating evidence and aggravating evidence presented at the time of sentencing.  In light of this review, the Court determines that if this matter were remanded for re-sentencing, the Court would impose the same sentence on the defendant.  The defendant, despite his characterization, has an extensive history of criminal activity, coupled with a fairly large-scale drug distribution history, and his status as a career offender has not been challenged.

The sentence of 390 months was at the lower end of the guideline range and reflected the seriousness of defendant's offense, promoted respect for the law, acted to punish the defendant for the crime committed as well as to deter others, and protected the public from further crimes of this defendant. *See* 18 U.S.C. § 3553(a)(2). The Court has fully considered the nature of this offense, and defendant's personal history and characteristics, and all mitigating evidence in the record. *See id.* at § 3553(a)(1).  The Court notes that age is, under the advisory guidelines, "not ordinarily relevant" for departing downward.  U.S.S.G. §§ 5H1.1 and 5H1.5.   The defendant's age is not of any additional or significant sentencing measure because he is not an infirm person, and there is nothing in the record to suggest that he would be unable to serve a term of imprisonment.   Moreover, given his extensive criminal history, the Court rejects his assertion

that he would be less likely to engage in the same or similar activity when released from incarceration.

For the reasons listed above, the Court **FINDS** that the defendant has not overcome the rebuttable presumption that his sentence is reasonable. *See Mykytiuk*, 415 F.3d at 608 ("This is a deferential standard . . . The defendant can rebut this presumption only by demonstrating that his or her sentence is unreasonable when measured against the factors set forth in § 3553(a)."). Therefore, the Court **FINDS** that if this matter were to be remanded for re-sentencing, the Court would impose the same sentence as that previously imposed.

**IT IS SO ORDERED.**

**DATED:   June 29, 2006.**


           **s/ WILLIAM D. STIEHL**
             **DISTRICT JUDGE**